## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARY T. JANETOS, | ) |
| on behalf of plaintiff and the class | ) |
| members described below, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MIDLAND FUNDING, LLC; | ) |
| MIDLAND CREDIT MANAGEMENT, INC. | ) |
| and ENCORE CAPITAL GROUP, INC., | ) |

## COMPLAINT – CLASS ACTION

1.      Plaintiff Mary T. Janetos brings this action to secure redress for improper debt collection practices by defendants. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.    The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.    Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

7.    The Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331, and 28 U.S.C. §1337.

8.    Venue and personal jurisdiction in this District is proper because:

    a.    Defendants do business in this District;

    b.    Defendants' collection correspondence was sent to plaintiff in this District;

    c.    Defendant Midland Funding, LLC, files numerous lawsuits against consumers in this District at the direction of Midland Credit Management, Inc.

## PARTIES

9.    Plaintiff Mary T. Janetos is a resident of the Northern District of Illinois.

10.    Defendant Midland Funding, LLC ("Midland Funding") is a limited liability company organized under Delaware law with principal offices at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

11.    Defendant Midland Credit Management, Inc. ("MCM"), is a Kansas corporation with principal offices at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai

Stevenson Drive, Springfield, IL 62703.

12.     Defendant Encore Capital Group, Inc. ("Encore Capital") is a corporation organized under Delaware law with principal offices at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

13.     Midland Funding and MCM are wholly-owned subsidiaries of Encore Capital and share common management with Encore Capital. For example, Kenneth A. Vecchione is or was president of Encore Capital and MCM.

14.     Midland Funding and MCM operate in concert with one another, and under the direct supervision and control of Encore Capital, to purchase and collect consumer debt on a massive scale.

15.     Encore Capital and its subsidiaries are one of the largest debt buyers and collectors in the United States. From 2009 to 2015, Encore's estimated gross collections totaled over $5 billion, with net income of more than $384 million.

16.     Defendants send collection letters by United States mail, call consumers from call centers in the United States, India, and Costa Rica, furnish consumer information to credit bureaus, and sues consumers in state courts across the country. The vast majority of the debt collection lawsuits defendants file go unanswered by the consumers and result in default judgments.

17.     Defendants purchase or claim to purchase portfolios of old consumer debt from some of the nation's largest consumer finance and telecommunications companies, and from other debt buyers, for pennies on the dollar. These debts primarily consist of charged-off consumer credit card and telecommunications debts, obtained at various points in time after default. From 2009 to 2015, Encore states in SEC filings that it paid about $4 billion for approximately 60 million consumer accounts with a total face value of $128 billion.

18.     Encore determines what debts to obtain and overall collection strategies. Encore also raises money for the collection activities at issue on public securities markets.

19.     MCM directs the collection of the debts, including through litigation.

20.     Midland Funding is the entity which claims to hold title to the debts. Its only business consists of holding title to debts and filing lawsuits on debts. For example, Midland Funding files about 1,000 lawsuits per month in Cook County, Illinois alone.

21.     A majority of defendants' U.S. collection income comes from "legal collections." (Annual report of Encore Capital on SEC Form 10-K for year ending December 31, 2015, original page 39)

22.     Each defendant is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6).

**FACTS**

23.     On or about March 1, 2017 defendant MCM, acting on behalf of Midland Funding and implementing collection strategies devised by Encore, sent plaintiff the letter attached as Exhibit A.

24.     Exhibit A is a form letter.

25.     The alleged debt was incurred, if at all, for personal, family or household purposes and not business purposes. Plaintiff believes that she resolved the debt at issue years ago and that she did not owe anything.

26.     The letter offered a settlement of an alleged credit card debt. Some of the settlement offers took the form of payment plans or invited monthly payments.

27.     The letter stated: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

28.     The letter does not disclose that making a payment as requested may restart the

4

statute of limitations.

## COUNT I – FDCPA

29.     Plaintiff incorporates paragraphs 1-28.

30.     <u>Exhibit A</u> violates 15 U.S.C. 1692e, 1692e(2) and 1692e(10). *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).

31.     Section 1692e provides:

> **§ 1692e.        False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> > **(2)        The false representation of--**
> >
> > > **(A)        the character, amount, or legal status of any debt;
> > > . . .**
> >
> > **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

32.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

33.     The class consists of (a) all individuals with Illinois addresses, (b) to whom a letter was sent on behalf of defendants to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which letter offered a settlement or a payment plan (e) and did not state that any payment may restart the statute of limitations, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action

34.     On information and belief, based on the use of form letter and the fact that debts

are normally purchased, sold and placed in portfolios of debts of like nature and vintage, the class is so numerous that joinder of all members is not practicable.

35.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants' letters were misleading.

36.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

37.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

38.     A class action is superior for the fair and efficient adjudication of this matter, in that:

       a.     Individual actions are not economically feasible;

       b.     Members of the classes are likely to be unaware of their rights;

       c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

       i.     Statutory damages;

       ii.    Any actual damages incurred by class members, including all amounts paid on time-barred debts;

       iii.   Attorney's fees, litigation expenses and costs of suit;

       iv.    Such other and further relief as the Court deems proper.

6

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Corey J. Varma
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.  All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.


s/Daniel A. Edelman
Daniel A. Edelman