IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN HUSER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIDLAND FUNDING, LLC; MIDLAND ) <br> CREDIT MANAGEMENT, INC. and ENCORE ) <br> CAPITAL GROUP, INC., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 17-cv-4490 <br><br> Judge: Joan B. Gottschall <br><br> Magistrate Judge: Young B. Kim |

## DEFENDANTS' ANSWER

Defendants, MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC. through their counsel, Todd P. Stelter and Brandon S. Stein, for their answer, state as follows:

1. Plaintiffs Mary T. Janetos and Jonathan Huser ("Plaintiffs") bring this action to secure redress for improper debt collection practices by defendants. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §I692 *et seq*. ("FDCPA").

**ANSWER:** **Defendants admit that plaintiff Huser's complaint purports allege an FDCPA violation and seeks redress for allegedly improper debt collection practices. Defendants deny violating any laws, deny any plaintiff is entitled to redress, deny any improper practices and deny all remaining allegations contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:** **Defendants admits the complaint purports to cite to an incomplete and out-of-context portion of the FDCPA and/or legal authority and alleges one or more mischaracterized and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

**ANSWER:** **Defendants admit the complaint purports to cite to an incomplete and out-of-context portion of the FDCPA and/or legal authority and alleges one or more mischaracterized and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

**ANSWER:** **Defendants admit the complaint purports to cite to an incomplete and out-of-context portion of the FDCPA and/or legal authority and alleges one or more mischaracterized and improperly summarized legal conclusions. Defendants deny all**

300366509v1 0999455

**remaining allegations contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

**ANSWER: Defendants admit the complaint purports to cite to an incomplete and out-of-context portion of the FDCPA and/or legal authority and alleges one or more mischaracterized and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

6. Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

**ANSWER: Defendants admit the complaint purports to cite to an incomplete and out-of-context portion of the FDCPA and/or legal authority and alleges one or more mischaracterized and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

### JURISDICTION AND VENUE

7. The Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331, and 28 U.S.C. §1337.

**ANSWER: Defendants admit the complaint purports to allege a violation of the FDCPA, a federal statute, thereby invoking the subject matter jurisdiction of this Court. Defendants deny all remaining allegations contained within this paragraph. Defendants**

300366509v1 0999455

deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.

8. Venue and personal jurisdiction in this District is proper because:

   a. Defendants do business in this District;

   b. Defendants' collection correspondence was sent to each plaintiff in this District;

   c. Defendant Midland Funding, LLC, files numerous lawsuits against consumers in this District at the direction of Midland Credit Management, Inc.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph and its sub-paragraphs. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

## PARTIES

9. Plaintiff Mary T. Janetos is a resident of the Northern District of Illinois.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

10. Plaintiff Jonathan Huser is a resident of the Northern District of Illinois.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.**

11. Defendant Midland Funding, LLC ("Midland Funding") is a limited liability company organized under Delaware law with principal offices at 3111 Camino Del Rio North,

300366509v1 0999455

Suite 103, San Diego, CA 92108. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER: Defendants admit that Midland Funding LLC is a Delaware limited liability company with a principal office at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108. Defendants admit that Midland Funding LLC maintains a registered agent name of Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

12. Defendant Midland Credit Management, Inc. ("MCM"), is a Kansas corporation with principal offices at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER: Defendants admit that Midland Credit Management, Inc. is a Kansas corporation with an office at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. Defendants admit that Midland Credit Management, Inc. maintains a registered agent name of Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

13. Defendant Encore Capital Group, Inc. ("Encore Capital") is a corporation organized under Delaware law with principal offices at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

**ANSWER: Defendants admit that Encore Capital Group, Inc. is a Delaware corporation with an office at 3111 Camino Del Rio N, Suite 103, San Diego, CA 92108.**

300366509v1 0999455

**Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

14. Midland Funding and MCM are wholly-owned subsidiaries of Encore Capital and share common management with Encore Capital. For example, Kenneth A. Vecchione is or was president of Encore Capital and MCM.

**ANSWER: Defendants admit that Midland Funding LLC and Midland Credit Management, Inc. are subsidiaries of Encore Capital Group, Inc. Defendant lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

15. Midland Funding and MCM operate in concert with one another, and under the direct supervision and control of Encore Capital, to purchase and collect consumer debt on a massive scale.

**ANSWER: Defendants deny all allegations contained within this paragraph.**

16. Encore Capital and its subsidiaries are one of the largest debt buyers and collectors in the United States. From 2009 to 2015, Encore's estimated gross collections totaled over $5 billion, with net income of more than $384 million.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.**

17. Defendants send collection letters by United States mail, call consumers from call centers in the United States, India, and Costa Rica, furnish consumer information to credit bureaus, and sues consumers in state courts across the country. The vast majority of the debt collection lawsuits defendants file go unanswered by the consumers and result in default judgments.

**ANSWER:  Defendants admit that Midland Credit Management, Inc. sends collection letters by United States mail, makes collection calls and reports information to credit bureaus.  Defendants deny that Midland Funding LLC or Encore Capital Group, Inc. send collection letters, make collection calls or report information to credit bureaus.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

18. Defendants purchase or claim to purchase portfolios of old consumer debt from some of the nation's largest consumer finance and telecommunications companies, and from other debt buyers, for pennies on the dollar.  These debts primarily consist of charged-off consumer credit card and telecommunications debts, obtained at various points in time after default.  From 2009 to 2015, Encore states in SEC filings that it paid about $4 billion for approximately 60 million consumer accounts with a total face value of $128 billion.

**ANSWER:  Defendants admit that Midland Funding, LLC purchases debt. Defendants deny that Midland Credit Management, Inc. or Encore Capital Group, Inc. purchase debt.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

19. Encore determines what debts to obtain and overall collection strategies.  Encore also raises money for the collection activities at issue on public securities markets.

**ANSWER:  Defendants admit that plaintiff Huser's complaint purports to allege an out-of-context, incomplete and mischaracterized summary of Encore Capital Group, Inc.'s business practices.  Defendants deny the above paragraph accurately characterizes Encore Capital Group, Inc.'s business practices.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations**

300366509v1 0999455

**contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

20. MCM directs the collection of the debts, including through litigation.

**ANSWER: Defendants admit that plaintiff Huser's complaint purports to allege an out-of-context, incomplete and mischaracterized summary of Midland Credit Management, Inc.'s business practices. Defendants deny the above paragraph accurately characterizes Midland Credit Management, Inc.'s business practices. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

21. Midland Funding is the entity which claims to hold title to the debts. Its only business consists of holding title to debts and filing lawsuits on debts. For example, Midland Funding files about 1,000 lawsuits per month in Cook County, Illinois alone.

**ANSWER: Defendants admit that plaintiff Huser's complaint purports to allege an out-of-context, incomplete and mischaracterized summary of Midland Funding LLC's business practices. Defendants deny the above paragraph accurately characterizes Midland Funding LLC's business practices. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

22. A majority of defendants' U.S. collection income comes from "legal collections." (Annual report of Encore Capital on SEC Form 10-K for year ending December 31, 2015, original page 39)

300366509v1 0999455

**ANSWER:** **Defendants admit that plaintiff Huser's complaint purports to allege an out-of-context, incomplete and mischaracterized summary of defendants' sources of income. Defendants deny the above paragraph accurately characterizes defendants' sources of income. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

23. Each defendant is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6).

**ANSWER:** **Defendants admit the complaint purports to cite to an incomplete and out-of-context portion of the FDCPA and/or legal authority and alleges one or more mischaracterized and improperly summarized legal conclusions. Defendants deny all remaining allegations contained within this paragraph.**

## FACTS RELATED TO PLAINTIFF JANETOS

24. On or about March 1, 2017 defendant MCM, acting on behalf of Midland Funding and implementing collection strategies devised by Encore, sent plaintiff Janetos the letter attached as <u>Exhibit A</u>.

**ANSWER:** **Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

25. <u>Exhibit A</u> is a form letter.

**ANSWER:** **Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

300366509v1 0999455

26. The alleged debt was incurred, if at all, for personal, family or household purposes and not business purposes. Plaintiff Janetos believes that she resolved the debt at issue years ago and that she did not owe anything.

**ANSWER: Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

27. The letter offered a settlement of an alleged credit card debt. Some of the settlement offers took the form of payment plans or invited monthly payments.

**ANSWER: Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

28. The letter stated: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

**ANSWER: Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

29. The letter does not disclose that making a payment as requested may restart the statute of limitations.

**ANSWER: Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

### FACTS RELATED TO PLAINTIFF HUSER

30. On or about March 8, 2017 defendant MCM, acting on behalf of Midland Funding and implementing collection strategies devised by Encore, sent plaintiff Huser the letter attached as <u>Exhibit B</u>.

300366509v1 0999455

**ANSWER:** Defendants admit that Midland Credit Management, Inc. mailed a letter on or about March 8, 2017 to a Jonathan A. Huser, and that a poorly photocopied, marked-up and redacted version appears to be attached to plaintiff Huser's complaint as Exhibit B. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.

31. <u>Exhibit B</u> is a form letter.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

32. The alleged debt was incurred, if at all, for personal, family or household purposes and not business purposes. Plaintiff Huser believes that he resolved the debt at issue years ago and that he did not owe anything.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

33. The letter offered a settlement of an alleged credit card debt. Some of the settlement offers took the form of payment plans or invited monthly payments.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

34. The letter stated: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

**ANSWER:** Defendants admit the allegations contained within this paragraph.

35. The letter does not disclose that making a payment as requested may restart the statute of limitations.

300366509v1 0999455

**ANSWER:** **Defendants deny all allegations contained within this paragraph.**

## COUNT I — FDCPA

36. Plaintiffs incorporate paragraphs 1-35.

**ANSWER:** **Defendants incorporate their responses, and denials, respectively, to paragraphs 1-35. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.**

37. <u>Exhibits A and B</u> violate 15 U.S.C. 1692e, 1692e(2) and 1692e(10). *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).

**ANSWER:** **Defendants deny all allegations contained within this paragraph.**

38. Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> **(2)     The false representation of--**
>
> **(A)     the character, amount, or legal status of any debt; …**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER:** **Defendants admit the complaint purports to cite to an incomplete and out-of-context portion of the FDCPA. Defendants deny all remaining allegations contained within this paragraph.**

## CLASS ALLEGATIONS

39. Plaintiffs brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:** Defendants admit that plaintiff Huser's complaint purports to bring a claim on behalf of a class. Defendants deny any class should be certified and deny all remaining allegations contained within this paragraph. Defendants deny all allegations as to Mary T. Janetos as she has voluntarily dismissed her claims as of August 30, 2017.

40. The class consists of (a) all individuals with Illinois addresses, (b) to whom a letter was sent on behalf of defendants to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which letter offered a settlement or a payment plan (e) and did not state that any payment may restart the statute of limitations, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action

**ANSWER:** Defendants deny all allegations contained within this paragraph.

41. On information and belief, based on the use of form letter and the fact that debts are normally purchased, sold and placed in portfolios of debts of like nature and vintage, the class is so numerous that joinder of all members is not practicable.

**ANSWER:** Defendants deny all allegations contained within this paragraph.

42. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants' letters were misleading.

**ANSWER:** Defendants deny all allegations contained within this paragraph.

43. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** Defendants deny all allegations contained within this paragraph.

300366509v1 0999455

44. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:** **Defendants deny all allegations contained within this paragraph.**

45. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the classes are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:** **Defendants deny all allegations contained within this paragraph and all of its sub-paragraphs.**

## DEFENDANTS' DEFENSES

Defendants, MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC. through their counsel, Todd P. Stelter and Brandon S. Stein, for their defenses, state as follows:

**FIRST DEFENSE: BONA FIDE ERROR AND/OR GOOD FAITH RELIANCE AND/OR GOOD FAITH MISTAKE**

1. The federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") provides a complete defense often referred to as the "bona fide error defense" at section 1692k(c). *See Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530, 537 (7th Cir. 2005); *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997). Section 1692k(c) of the Act states:

> A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).

2. Plaintiff Huser's Count I in this case, (Pltf.'s Compl. ¶¶ 36-38), alleges violation of the FDCPA for when defendants allegedly made deceptive and misleading representations when they communicated with plaintiff allegedly in violation of 15 U.S.C. §§1692e.

3. While each defendant denies any such violations in its answer, they state in the alternative under Rule 8(d)(2), that if any such violations occurred, they were not intentional and they resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. Specifically, it is defendants' intention and their reasonably adapted procedures that all letters and all language in letters sent by Midland Credit Management, Inc., if any, comply with the FDCPA. Per Midland Credit Management, Inc.'s procedures, if Midland Credit Management, Inc. ever communicated with plaintiff, it did so without making any false, deceptive or misleading representations in its letters.

5. In this case, plaintiff Huser's complaint at paragraphs 28 and 34 alleges that the following language is the violation of the FDCPA:

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

6. The Consumer Financial Protection Bureau ("CFPB") not only required Midland Credit Management, Inc. to use this exact disclosure in letters sent to plaintiff but it also specifically approved its use, deeming its use as complying with the disclosure requirements imposed by the CFPB, which is defendants' primary regulator. *See* September 9, 2015 Consent Order paragraph 133 from Administrative Proceeding 2015-CFPB-0022.[1]

---

[1] Illinois law is clear—it is lawful to seek voluntary repayment of a time-barred debt– and the FDCPA does not prohibit the sending of collection letters on time-barred debt as a general matter. *See Harris v. Total Card, Inc.,* 2013 U.S. Dist. LEXIS 131747, *10-14 (N.D. Ill. 2013). A statute of limitations may

7. Midland Credit Management, Inc.'s procedures for compliance with the FDCPA are extensive, thorough and reasonably adapted to prevent any violation of defendants' procedures or the FDCPA. It includes constant, repeated and ongoing review, re-review and analysis of the FDCPA text itself and of authorities interpreting and analyzing the FDCPA, including case law nationwide, administrative agency filings and publications and industry guidance, and adjustment of letter language and/or procedures as suggested by these authorities in as timely a fashion as is reasonably possible.

8. Defendants deny any deceptive or misleading representations in Midland Credit Management, Inc.'s letters. However, if there were, which defendants' deny, it was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SECOND DEFENSE: ARBITRATION

Upon information and belief, plaintiff and/or each and every member of the putative class may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

### THIRD DEFENSE: LACK OF ARTICLE III STANDING

Plaintiff and/or each and every member of the putative class lack Article III standing with regard to their claims because they are unable to demonstrate that any actual injury occurred. *Spokeo, Inc. v. Robins*, No. 13-1339 (S.Ct. 2016).

---

bar a specific remedy if raised as a defense, but it does not extinguish the indebtedness. *See Walker v. Cash Flow Consultants*, 200 F.R.D. 613, 616 (N.D. Ill. 2001). Sending a dunning letter in an attempt to collect a stale debt does not, in and of itself, violate the FDCPA: "We do not hold that it is automatically improper for a debt collector to seek repayment of time-barred debts; some people might consider full debt repayment a moral obligation, even though the legal remedy for the debt has been extinguished." *See Holt v. LVNV Funding, LLC*, 147 F.Supp.3d 756, 760 (S.D. Ind. 2015) *citing McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

**FOURTH DEFENSE**

The claims of plaintiff and/or each and every member of the putative class are barred or diminished due to failure to mitigate damages.

**FIFTH DEFENSE**

Plaintiff and/or each and every member of the putative class lacks statutory standing to bring their purported claim under the FDCPA.

**SIXTH DEFENSE**

The claims of plaintiff and/or each and every member of the putative class are barred or diminished by the voluntary payment doctrine.

**SEVENTH DEFENSE**

Defendants have retained attorney(s) to represent their interests and they are obligated to pay said attorney's fees related to the same. Defendants are entitled to the award of attorney's fees pursuant to 15 U.S.C. § 1692k.

**EIGHTH DEFENSE**

Defendants reserve the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

**WHEREFORE,** defendants pray for an order and judgment of this Court in their favor against plaintiff as follows:

1. Dismissing all causes of action against defendants with prejudice and on the merits;

2. Awarding costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927 and 15 U.S.C. § 1692k in favor of defendants; and

3. Awarding defendants such other and further relief as the Court deems just and equitable.

300366509v1 0999455

| | |
|---|---|
| Dated August 30, 2017. | */s/ Todd P. Stelter* |
| | Todd P. Stelter |
| | Brandon S. Stein |
| | Attorneys for Defendants |
| | **HINSHAW & CULBERTSON LLP** |
| | 222 North LaSalle Street |
| | Suite 300 |
| | Chicago, IL 60601-1081 |
| | Phone No.  312-704-3000 |
| | Fax No.  312-704-3001 |
| | E-mail Address(es): |
| | tstelter@hinshawlaw.com |
| | bstein@hinshawlaw.com |

300366509v1 0999455